### 15511.  BRAKEFIELD v. HILLYER, executrix.

BROYLES, C. J.  1. Where A sells an automobile to B, under a title-retention contract, and receives B's notes for the purchase-price, due on different dates several months thereafter, and where, before any note falls due, A sells the notes and the title-retention contract to C, A indorsing in blank the notes, and indorsing the contract over to C, and where C, before the maturity of any of the notes, sells the notes and contract to D, C indorsing in blank the contract but not indorsing the notes, and where D subsequently brings suit against B and C for the balance of the purchase-price of the automobile, no cause of action is set forth against C, and the petition is subject to dismissal on general demurrer.
(a) The infirmity of the petition is not cured by an amendment which sets

up that the indorsement in blank by C of the title-retention contract "was equivalent to indorsing the said notes in blank."

2. A second count, offered as an amendment to the petition, alleged that when C sold the retention-of-title contract and the notes to D, C knew that B was insolvent, and that the notes and contract were worthless, and that D did not have such knowledge, and, therefore, that C is liable to D for a breach of his warranty. A third count, offered as an amendment, alleged that when C sold and delivered the notes and contract to D, C promised that if the notes were not paid by B, he (C) would pay them. *Held:* Conceding (but not deciding) that these two counts set forth a cause of action against C, it was a new and distinct cause of action, and the court did not err in disallowing the amendments, or in dismissing the petition on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 10, 1924.

Complaint; from city court of Macon—Judge Gunn. February 6, 1924.

*E. W. Maynard, E. F. Taylor,* for plaintiff.

*Jones, Park & Johnston,* for defendant.